324-0608, Illinois Council of Police and Village of Bellwood Master Sergeants, Appellants v. Illinois Labor Relations Board, Appley, and the Village of Bellwood, Appley. All right, thank you. Ms. Tavarthan, I'm sorry, Ms. Escarcita? Thank you. Justice Peterson, do you want to explain about Justice Anderson? Sure. Sure. Thank you, Justice Bertani. John, Justice Anderson is on. He can hear. He's got, but there's a problem with his camera, and since we're behind, rather than go through the difficulties of trying to fix that technology, he can hear you. You're all set, but his camera isn't on, just so you know. Understood. Thank you. Thank you. Good morning. May it please the Court. I am Julie Tavarthan Escarcita on behalf of the Appellant, the Illinois Council of Police, representing the Sergeants with the Village of Bellwood Police Department. At issue before the Court is whether or not the Illinois Labor Relations Board erred when it refused to analyze and apply the impact of Article I, Section 25 of the Illinois Constitution, prior to dismissing the Appellant's or the Plaintiff's representation petitions seeking to certify certain public employees as a bargaining unit for the purpose of collective bargaining. On November 28th of 2022, the Appellant filed a representation petition for all sworn full-time police officers of the rank of Master Sergeant with the Bellwood Police Department. The employer objected to the petition on the grounds that the Master Sergeants in Bellwood are supervisors, and in fact, the Labor Board had previously found that they were supervisors. The Labor Board requested a hearing on the matter, and the parties spoke, and ultimately, we entered into a stipulation that the Sergeants were in fact supervisors. The Appellant, however, took the position that pursuant to the passing of Amendment 1, the Workers' Rights Amendment, on November 8th of 2022, that Master Sergeants now have a fundamental right to organize and bargain collectively, regardless of their status as supervisors. And therefore, that this stipulation was entered by the parties, and the parties were then directed to submit briefs on the legal arguments surrounding Amendment 1 and its effects on the employees' fundamental right to unionize. On the basis of the stipulated record, the Administrative Law Judge, the ALJ, recommended dismissal of the petition because the Sergeants were in fact supervisors. Therefore, they took the position that they were still excluded from organizing pursuant to the Act. The ALJ declined to offer any analysis on whether the Workers' Rights Amendment had any impact on the supervisory exclusion test, or whether the Board was subject to constitutional mandates when interpreting its statutory implications. Clearly, the Illinois Labor Relations Board cannot make any findings of law. Therefore, we did not ask them to declare the Act or any specific provision of the Act unconstitutional as a result of the amendment. However, distinct from asking them to make any constitutional finding, we did ask the agency, or the Labor Board, to declare their enabling, or I'm sorry, we indicated that it was proper for the Labor Board, because of their particular expertise, to analyze the extent that a constitutional provision, which implicates their specific area of expertise, what impact that has on the Board's enforcement process. Under the Illinois Administrative Procedure Act, founded 5 ILCS 100-5-150, each agency may, in its discretion, provide by rule for the filing of prompt disposition of petitions, which is what we had here, or request for declaratory rulings as to the applicability to the person presenting the petition, or request of any statutory provision enforced by the agency, or of any rule of the agency. And under the Illinois Labor Relations Board's rules, the Board may issue declaratory rulings when there is a good-faith disagreement over whether the Act requires bargaining over a particular subject or subjects. The question of whether a particular group can bargain, and over what it may bargain, we maintain is at its core a question about whether or not the Act requires bargaining. And while the Board has historically interpreted this to apply to ongoing labor disputes, it still has the ability to apply this power to a representation proceeding. Additionally, a plain reading of the Board's decision and order demonstrates that it does rely upon a large body of authority, reflecting the Board's historical interpretation of the supervisor exemption. The appellant is simply requesting for the Board to be required to re-examine its historical application of its own interpretation of the supervisor exemption, taking into account the impact, if any, that the Workers' Right Amendment may have on the existing exceptions in the statute. The position that has been taken by the Labor Board is essentially that an amendment to the Illinois State Constitution, Amendment 1, dealing with public employees and the right to unionize and bargain with their employer, essentially has zero impact on the Board or on their duty to administer the Act and to administer how it applies to labor law in the state of Illinois. And it's our position that by doing so, they are failing to ensure effective enforcement of the Act, which is their sole purpose and duty. Therefore, we are asking that this matter be remanded back to the Labor Board for them to conduct that analysis. Thank you. Counsel, do you see a way to reconcile or read together the Workers' Rights Amendment and the Act? Or do they just hopelessly conflict? I'm not. Well, I think that it does. I think that the amendment does conflict with the exclusions that are provided for in the statute as currently written. I think that the language in the amendment is so broad that I think that it renders that section of the statute, you know, the statute doesn't provide, there's enough conflicting language that I think that it doesn't provide anything clear anymore about who, in fact, can unionize or it's certainly, I guess the simple answer to your question is, I don't think that they can possibly, I think that the amendment just is so broad that it essentially negates the exclusion section of the statute. So, I think what you're saying, or what you've said, or argued that is that the master sergeants or whoever else who's a supervisor would have to file a lawsuit looking for basically a declaratory judgment that the statute is unconstitutional. Is that a fair assessment of what you think needs to be done?  Well, I mean, we have a constitutional provision and we have a statute, but the board seems, and I do understand that the board can't declare something unconstitutional, but they chose to enforce one of those two things. Right? Correct. And they chose to enforce the statute rather than the constitution. And you're telling me that they cannot be reconciled.  Why did they choose the statute over the constitution? I think because I think that they are afraid that perhaps the amendment is having an unforeseen effect on how the statute is now, well, the effect that the amendment has on the statute. Thank you. I think that it is opened up the floodgates of now who can unionize. I don't believe that they want the amendment to have the effect that we're taking the position that it has. Did that, I don't know if I interrupted you, did that conclude your presentation? Yes, it did. Do you have any questions, Justice Bertani? I do not. Thank you. Okay. I don't either. Thank you. All right. Mr. Rush, I think you're next. All right. You have 10 minutes. Are you ready to proceed? Yes. Thank you, Your Honor. I'm Assistant Attorney General Caleb Rush, appearing for Respondent, Illinois Labor Relations Board. The union's argument is incorrect as a matter of law. The board was not required to render an opinion that the workers' rights amendment to the Illinois Constitution supersedes or conflicts with or negates the act's exclusion of supervisors from collective bargaining. On the contrary, the board has no authority to opine in one of its decisions that any provision of the act is unconstitutional. Mr. Rush, do you think they can be reconciled? Yes, that is, there is certainly an argument that they can be reconciled, and that's been the position of the Village of Bellwood, that that the constitutional amendment was not intended to wholesale rewrite the act, and instead it was intended to create certain basic rights without removing not only the supervisor exclusion, but by the logic of the union's argument, every exclusion in the act, such as managerial employees, certain employees designated by the governor who are excluded from the act, by the logic of the union's position, all of those would be wiped clean from the act. But I need to be very clear here, the board has not taken a position on this because the issue was presented in this administrative proceeding as, in effect, rendering portions of the act unconstitutional, and that's something that the board simply cannot do. I do want to clarify that this is the union's only argument raised before this court, that the board should have rendered an opinion regarding the constitutionality of certain provisions of the act. The union has not raised the merits of this constitutional argument. It has not asked this court to decide that matter, so it is forfeited. I'd like to turn to... But the board doesn't really have authority to declare a statute unconstitutional, right? That's exactly right, and that's why the board issued the decision that it did. In addition to the fact that the party stipulated that these master sergeants are employees, and so the board applied the statute to determine that this representation petition had to be dismissed. So I'd like to turn to why the union's only argument that the board should have rendered an opinion about the constitutionality of the act, why this only argument is incorrect. The fundamental legal principle is administrative agencies are not authorized to address the constitutionality of a statute in one of their decisions. And if I understand right, the union does not dispute this principle. Now, I also want to be clear on one point. Council just said that the board has no authority to make findings of law. I think council was referring to findings of law that a portion of the statute is unconstitutional. We agree about that. Of course, there are many things that the board does have authority to make findings of law on. It's part of its job is to interpret the act and its own regulations. So that's just a point of clarification, but at the heart of this review proceeding before this court, the union's only argument is it was not asking the board to determine that a statutory provision is unconstitutional. And this is simply not accurate. And we heard from council today that they conflict, that the constitution negates this portion of the act. And this was also, as we detailed in our brief, this is the argument presented to the board. The Supreme Court has spoken on this, if I may quote from the Goodman decision at pages 410 through 411. And there it was dealing with an electoral board decision. Implicit, so we don't just look at explicit statements, we look at the implicit argument. Implicit in the electoral board majority's approach was that the constitution's eligibility requirements differed from those contained in the election code. And that to the extent of the difference, the provisions of the election code were unconstitutional and could be disregarded. This was a determination that the electoral board had no authority to make. That's what the Supreme Court said in Goodman. And we have here exactly the same situation. The determination that the union asked for is a determination that the board had no authority to make. I'd like to, as a final topic, talk about this board regulation that authorizes it to issue a declaratory ruling in certain narrow circumstances. It simply does not apply here. And this is for multiple reasons, starting with the legal basis for this regulation, which is the Illinois Administrative Procedure Act. Which only authorizes agencies to enact a regulation for a declaratory ruling if it's going to be regarding the applicability of a statutory provision or of any rule of the agency. So the Administrative Procedure Act does not authorize the board to adopt a regulation that allows it to make a pronouncement about the constitutionality of a statute. And then we don't need to look any farther than that. But if we look at this regulation, it applies only if there's a petition to the board's general counsel. There's been no such petition. It applies only to a dispute between an employer and the employee's exclusive representative. The union has not been designated as the employee's exclusive representative. It applies only after the commencement of negotiations. There have been no negotiations here because, again, there is no exclusive representative. It applies if the petition to the board's general counsel only is signed by both parties, which there's no such petition, not signed by anybody, certainly not signed by the village. Or if there's been a request for interest arbitration served, there's been no such request. And the regulation applies only if there's been a disagreement over whether the Act requires bargaining over a particular subject. We're not here talking about subjects of bargaining. We're talking about the entire statutory eligibility of certain categories of employees to be part of a bargaining unit. The bottom line here, though, and I just want to emphasize, is even if the regulation read the way the union argues, which it really does not, even if it did, the board can't adopt a regulation that overrides fundamental legal limits on an agency's authority. No agency can do that. And the board certainly has not done that here. If the court has no questions, I will conclude and turn things over to counsel for the village of Bellwood. We do ask the court to affirm the board's decision. And on any other points, we do rest on our brief. Thank you. Okay, any questions, Justice Anderson or Justice Bertani? No. Okay, very well. Ms. Trella, you may proceed. Thank you very much, your honors, and may it please the court. My name is Megan Trella. I represent the village of Bellwood appellee. I echo many of Mr. Rush's arguments here today, but I do want to bring at least one thing to the attention of the court. First, the appellate has not brought the underlying constitutional question before this court. And so to the extent that the constitutional question plays a role in this, currently before the court is the board's decision and the request for remand to the board with respect to their finding. And that constitutional question that underlies some of the conflict herein has not been brought before this court. And additionally, because the village echoes the position and argument of the labor board as presented by Mr. Rush, I'm only going to briefly address some of the points that Mr. Rush has touched on as well. First, as noted by Mr. Rush, it is well-settled law in Illinois that an administrative agency does not have the authority to determine the constitutionality of its enacting statutes or any of the provisions within the statute. This is supported by the Illinois Supreme Court decision in Goodman v. Ward and was reaffirmed in a different setting under the Board of Education of Peoria School District 150 v. Peoria Federation of Support Staff. In that case in particular, with the case in Peoria, the court in that case concluded that under Goodman, under the rulings in Goodman, parties did not need to exhaust their administrative remedies before bringing challenges to the constitutionality of a statute in court. Because the constitutionality of a statute is entirely legal and does not require fact-finding by the administrative agency or an application of its particular expertise. So under that, while the union may argue that the board has a particular expertise with respect to the statute that they are administering, the expertise with regard to the constitutionality of a particular statute lies within the courts. As I mentioned before, that question was not brought as a part of this appeal. Further, the village asserts that the union is misapplying the Bartlow v. Costigan case that it relies on in its brief. To start, the statute was amended during the pendency of a constitutional, during the pendency of the case, excuse me, the statute was amended which made the constitutional argument moot. But most importantly, the constitutional questions were raised with the and not with the administrative agency charged in that case. Also, with respect to the argument on declaratory rulings, as Mr. Rush had noted, the board rules simply do not apply here in the circumstances as he outlined previous for you, are very specific as to when the declaratory ruling provisions are applicable. And in this particular case, there has been no certified unit here as the labor board determined that sergeants were supervisors under the statute and their representation petition was dismissed. Nor was there a request for declaratory ruling by the union likely because at that point in time, there was no certified unit to utilize those provisions under. With that in conclusion, the village requests that this court upholds the determination of the labor board because Illinois law is clear that administrative agencies do not have the authority to declare their enacting statutes or provisions as unconstitutional. And also because the declaratory ruling provisions provided by rule by the Illinois Labor Relations Board relied on by the union do not apply in this particular case. With that, if your honors have no questions, I will conclude my argument. Do you have any questions, Justice Anderson or Justice Bertani? I do not. Ms. Trello, what is your view on whether the statute and the Workers' Rights Amendment can be reconciled or do they hopelessly conflict? And if they can be reconciled, how? So under the village's view, the statute and the Workers' Rights Amendment can be reconciled. The legislature was very particular in the language that was used in their adoption of the language that was put forth to the public with the Workers' Rights Amendment using the specific term employee. Under the Labor Relations Act, there is a specific definition of who includes employees that includes an exclusion for supervisors. As the labor board has done in the past and I think will continue to do, they read the term employee and apply the term employee with those exclusions included. In addition, there was no intent by the legislature to override any of the current labor laws within the record. I know that that question is not before you. We'd be happy to provide supplemental briefing if that is something you would like to address. But the legislative intent, we believe, clearly indicates that the legislature intended to keep the status of the labor laws as they were written in Illinois prior to the adoption of the Workers' Rights Amendment. And this amendment was meant to protect unions moving forward in response to some of the movements elsewhere in the country that were looking to minimize the ability of individuals to unionize. Thank you. Thank you. Thank you. Any other questions? None. If not, Ms. Travart, then you have rebuttal. Thank you. I'll be very brief based on the points addressed by counsel. Counsel Rush indicated that the duty of the labor board is to interpret the act. We agree. However, the labor board cannot interpret the statute without considering the impact that the amendment has on that statute. The board has an obligation to administer and enforce the act, period. If an amendment is enacted that impacts a statute, the administrative body tasked with administering and enforcing the statute cannot simply stand back and throw their hands up in the air and say, the statute doesn't reflect the amendment. We're just going to enforce the statute as is. They should be required to determine how their duties are shaped by the amendment and the impact it may or may not have on the act. Well, do they also have a duty to enforce or uphold the constitution? Well, sure. Okay. So, it's not just the act that they are supposed to uphold. They're supposed to uphold both. Well, they shouldn't conflict one another. Therein lies the problem. Go ahead. The Illinois Labor Relations Board is obligated to enforce the act in accordance with the constitutional amendment, and in doing so, must consider the amendment in its rulings, and then adjust its rules and procedures to accommodate and reflect the changes brought by the constitutional amendment. And again, without doing so, they fail to ensure effective enforcement of the act, which is their sole purpose and duty. Thank you. Thank you. Any other questions, Ret. Justice Anderson? No. No, thank you. Thank you for your presentation. Yeah, I do not have any other questions. All right. We thank you both for your, or all three of you, for your arguments. And this matter will be taken under advisement, and a decision will be issued in due course. Thank you all. Thank you very much.